

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ISIDRO GAONA SANCHEZ, 43276-177, § <br> Petitioner, § <br> § <br> v.   § <br> § <br> UNITED STATES OF AMERICA, § <br> Respondent. § | 3:12-CV-842-O <br> 3:11-CR-197-O |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## I. Procedural Background

Petitioner was charged with one count of conspiring to distribute methamphetamine and on count of maintaining a drug-involved premises. Pursuant to a written plea agreement, Petitioner pled guilty to conspiring to distribute more than 50 grams of methamphetamine. On March 8, 2012, the Court sentenced him to 168 months in prison. He did not file an appeal.

On March 19, 2012, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2255. He argues he received ineffective assistance of counsel when:

1. Counsel failed to seek a continuance of the sentencing hearing so that Petitioner could seek a four-level reduction under the Fast Track program;

2. Counsel and the prosecutor rushed Petitioner to sentencing to prevent him from participating in the Fast Track program;

Page 1

    3.     Counsel withheld Petitioner's legal materials; and

    4.     Counsel acted under a conflict of interest and was ineffective in providing a defense.

## II. Factual Background

The following factual background is taken from Petitioner's factual resume.

On or about March 8, 2011, in the Dallas Division of the Northern District of Texas, Petitioner and others did knowingly and intentionally combine, conspire, confederate and agree to distribute, and to possess with intent to distribute, 50 grams or more of methamphetamine, a controlled substance.

More specifically, Petitioner and others were involved in a conspiracy that involved cooking, preparing and ultimately distributing methamphetamine to others. Petitioner and others were occupants and/or tenants of a rented home in a residential neighborhood in Dallas. They were cooking methamphetamine in the home. The kitchen was equipped with a digital scale, heat-sealed plastic wrappers and pots used to cook the methamphetamine.

After the officers entered the residence, they additionally discovered an active boiling pot of crystalizing methamphetamine, several pounds of cut methamphetamine, over $12,000 in cash, six additional bags of methamphetamine, thirteen cellular phones, 24 heat sealed baggies, and methamphetamine residue all over the stove top.

Petitioner admits that he possessed with intent to distribute 2.74 kilograms of methamphetamine. Petitioner further admits he did not have a legitimate job during the course of the conspiracy or any source of income other than from the sale of drugs.

## III. Discussion

**Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**1.     Fast Track**

Petitioner argues his counsel colluded with the prosecutor to rush Petitioner to sentencing before the effective date of the Department of Justice Fast Track program. He also claims his counsel was ineffective for failing to seek a continuance of the sentencing hearing until the Fast Track program was in effect.

The Department of Justice"s "Fast Track" program is an early disposition program for

illegal reentry cases. Under this program, certain defendants charged with an illegal reentry offense who promptly plead guilty can be eligible for a downward sentencing departure.

In this case, Petitioner was not eligible for the Fast Track program because he was not charged with an illegal reentry offense. Further, Petitioner's sentencing occurred on March 13, 2012, which was after the March 1, 2012, effective date of the Fast Track program. Petitioner's claims are without merit and should be denied.

**2.     Documents**

Petitioner states his counsel was ineffective because counsel withheld unspecified defense documents from him during the criminal proceedings. He also claims the government withheld evidence. Petitioner does not state what this evidence was, why the evidence or documents were needed, or how the lack of this evidence prejudiced his case. Petitioner's claims are conclusory and should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

**3.     Inadequate Defense**

Petitioner argues his counsel was ineffective when counsel had an unspecified conflict of interest, failed to conduct an adequate pretrial investigation, failed to challenge the warrant that let to his arrest, failed to transfer a motion to suppress to the "ultimate trial court," failed to advise Petitioner about deficiencies in the evidence against him and failed to file a motion to suppress.

Petitioner's claim of a conflict of interest is conclusory. He does not identify the alleged conflict and does not explain how it prejudiced the defense.

Additionally, claims of ineffective assistance of counsel are waived by a voluntary and

intelligent guilty plea "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Petitioner's claims do not relate to the voluntariness of his guilty plea. *See id.* (finding claims of ineffective assistance of counsel for failure to review evidence, investigate witnesses or the legality of petitioner's arrest, and failure to find flaws in the prosecution's case were non-jurisdictional and waived by valid guilty plea); *see also, Wisener v. Thaler*, No. 4:09-CV-359-Y, 2010 WL 546738 at *4 (N.D. Tex. Feb. 17, 2010) ("[T]o the extent [petitioner] complains that . . . trial counsel failed to conduct an independent investigation into the facts of his case, to file pretrial motions, and to interview key state witnesses on his behalf, matters unrelated to the voluntariness of his plea, the claims are non-jurisdictional and are waived by the plea.") (citing *United States v. Broce*, 488 U.S. 563, 573-74 (1989)); *Walker v. Thaler*, No. 4:11-CV-776-, 2012 WL 426639 at *6 (N.D. Tex. Feb. 10, 2012) (finding valid guilty plea waived claims that counsel "failed to familiarize himself with the law of the case, investigate the prior felonies used to enhance petitioner's sentence, and file pretrial motions.").

Further, the record shows Petitioner knowingly and voluntarily entered his guilty plea. Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). Further, "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and

understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (*quoting United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)).

In this case, Petitioner's plea agreement and factual resume both informed Petitioner of the minimum and maximum penalties for his offense. In his plea agreement, Petitioner agreed that he reviewed all the legal and factual aspects of the case with his attorney, and that he was satisfied with his attorney's legal representation. In both his factual resume and his plea agreement Petitioner admitted to committing all elements of the offense and admitted that he was in fact guilty of the offense. His plea agreement also informed him of the potential immigration consequences of his plea. Petitioner signed his plea agreement stating that his guilty plea was made freely and voluntarily. Petitioner has failed to show his guilty plea was not knowingly and voluntarily entered. Petitioner's claims should be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 6 day of June, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).